UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CEDRIC BISHOP, *for himself and on behalf of all other persons similarly situated*,

                    Plaintiff,

– against –

APOGEE EVENTS, INC.,

                    Defendant.

**ORDER**

20 Civ. 364 (ER)

Ramos, D.J.:

Apogee Events was served with process on January 28, 2020. On October 2, 2020, the Court instructed Bishop to file a status report by November 1, 2020, and warned that failure to comply with its order could result in sanctions including dismissal for failure to prosecute. *See* Doc. 6, Fed. R. Civ. P. 41(b).

No status report was filed and there has been no further activity in this case since then. Because Bishop has not responded to the Court's Order, or otherwise been in contact with the Court for well over a year, the Court dismisses this case for failure to prosecute under Rule 41(b).

**I.    Standard**

Courts evaluating dismissal under Rule 41(b) must consider:

(1) the duration of the plaintiff's failures,
(2) whether plaintiff had received notice that further delays would result in dismissal,
(3) whether the defendant is likely to be prejudiced by further delay,
(4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard and
(5) whether the judge has adequately assessed the efficacy of lesser sanctions.

*LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citation omitted). When weighing these factors, "[n]o single factor is generally dispositive." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).

## II. Discussion

Here, each *LeSane* factor weighs in favor of dismissal. *First*, Bishop did not respond to the Court's October 2, 2020 order, nor has he been in contact with the Court in over a year. "A delay of eight months to one year in prosecuting a case falls comfortably within the time frames found sufficient" for dismissal under Rule 41(b). *Salem v. City of New York*, No. 16 Civ. 7562 (JGK), 2017 WL 6021646, at *2 (S.D.N.Y. Dec. 4, 2017) (collecting cases).

*Second*, Bishop was given notice that the case would be dismissed for failure to prosecute. In its October 2, 2020 Order, the Court clearly warned that "[f]ailure to comply with this Order may result in sanctions, up to and including dismissal for failure to prosecute." Doc. 6 (citing Fed. R. Civ. P. 41(b)). Despite this warning, Bishop has not contacted the Court.

*Third*, "prejudice to defendants resulting from unreasonable delay may be presumed[.]" *LeSane*, 239 F.3d at 210. Because Bishop was unresponsive to the Court's October 2, 2020 Order, and has not otherwise been in contact with the Court or Defendant in over a year, *see* Doc. 6, the Court perceives no circumstances rebutting this presumption. *Virola v. Entire GRVC Dep't of Mental Health Hygiene Servs.*, No. 12 Civ. 1005 (ER), 2014 WL 793082, at *3 (S.D.N.Y. Feb. 21, 2014) (presuming prejudice where plaintiff had no contact with the Court for eight months).

*Fourth*, Bishop has failed to take advantage of his "right to due process and a fair chance to be heard[.]" *LeSane*, 239 F.3d at 209. Indeed, "[i]t is not the function of this Court to chase dilatory plaintiffs while other litigants in this district seek access to the courts." *Hibbert v. Apfel*, No. 99 Civ. 4246 (SAS), 2000 WL 977683, at *3 (S.D.N.Y. July 17, 2000).

*Finally*, no weaker sanction than dismissal could remedy Plaintiff's failure to prosecute this case. Not only has Plaintiff failed to advance the case for over a year, but he has also failed to comply with the Court's October 2, 2020 Order. Dismissal is appropriate where, as here, a plaintiff "appears to have abandoned the litigation[.]" *Dixon v. Urbanskt*, No. 17 Civ. 1123 (PMH), 2020 WL 4347736, at *3 (S.D.N.Y. July 29, 2020); *McNair v. Ponte*, No. 17 Civ. 2976 (AT) (GWG), 2020 WL 3402815, at *7 (S.D.N.Y. June 18, 2020) (citing abandonment of claims as reason that any other sanction would be less effective).

For all of these reasons, the Court dismisses Plaintiff's claims with prejudice.

It is SO ORDERED.

Dated: July 8, 2021
New York, New York

EDGARDO RAMOS, U.S.D.J.